UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAGGIE ELLINGER-LOCKE, et al., | ) | |
| *Plaintiffs,* | ) ) ) | |
| v. | ) ) | Civil Action No. |
| STEVEN T. MARSHALL, in his official capacity as Attorney General of Alabama, et al., | ) ) ) ) | 2:16-cv-716 |
| *Defendants.* | ) ) | |

**MEMORANDUM OF UNDERSTANDING
AND AGREEMENT OF THE PARTIES**

Plaintiffs challenge certain ethics training requirements that Alabama law imposes on lobbyists, including a requirement that lobbyists attend training in person in Montgomery, Alabama. In the course of this litigation, the parties have discussed in good faith how the interests of the parties may be met while giving force to the intent of the Alabama Legislature.

The Plaintiffs have an interest in petitioning the Alabama Legislature and advocating for certain legislation. The Defendants and the State of Alabama have an interest in strong ethics laws and in the enforcement of duly-passed Alabama statutes. All parties have an interest in seeking an equitable resolution and avoiding the risks inherent in litigation.

1

The Alabama Ethics Commission has determined and contends that existing Alabama law permits lobbyists to satisfy the ethics training requirements if they participate in live training sessions on their computer, even if not physically present, and that this permissible training option is consistent with Alabama's interests in robust ethics laws.

In light of all the foregoing and other good cause, in complete satisfaction of all claims raised in this action, and for other good and valuable consideration, the parties to this action agree as follows:

1. The Defendants agree that the in-person training requirements of Alabama Code § 36-24-4.2 may be met by Plaintiff Maggie Ellinger-Locke and other lobbyists by participating in the ethics training session through "live streaming." That is, a person required to take the training may do so by watching a live telecast of a training session over the internet. The person watching over the internet would participate in the training session at the same time as those who are physically present in Montgomery.

2. The Defendant members of the Alabama Ethics Commission agree that live streaming will be made available by May of 2017.

3. The Defendant members of the Alabama Ethics Commission agree that reasonable accommodations will be made for persons who have a legitimate conflict during the time and date that live streaming is made available. For example, a person

with a legitimate conflict may arrange, with the Director of the Ethics Commission, for a makeup session offered over a video-conference call using a platform such as Skype, or such other remote method approved by the Ethics Commission. A lobbyist who participates in such a makeup session will have satisfied the requirements of Alabama Code § 36-25-4.2.

4. Until such time as the Ethics Commission makes live streaming available for its lobbyist training, Plaintiff Ellinger-Locke may satisfy the requirements of Alabama Code § 36-25-4.2 by completing the online ethics training currently available for municipal mayors, council members and commissioners, county commissioners, and members of local boards of education. That training is available at http://ethics.alabama.gov/training/index.html.

5. Plaintiffs agree that Plaintiff Ellinger-Locke shall either:

   a. participate in an online training session within 90 days after the filing of this memorandum; or

   b. participate in lobbyist training by live streaming (or, in the event of a legitimate conflict, by scheduling a make-up session) within 90 days of the date live-streaming becomes available.

6. If Plaintiff Ellinger-Locke meets either of the requirements described in paragraph 5(a) and (b), Defendants agree that Plaintiffs shall be in full compliance with the requirements of Alabama Code § 36-25-4.2, and Defendants shall not

prosecute Plaintiff Ellinger-Locke or the Marijuana Policy Project (civilly or criminally) on grounds that Plaintiff Ellinger-Locke has not complied with Alabama Code § 36-25-4.2.

7.  Plaintiffs agree that they will enter with Defendants into a stipulation of dismissal within 30 days of this agreement, stipulating to the dismissal of all claims in this action with prejudice.

8.  Nothing in this agreement shall confer "prevailing party" status upon Plaintiffs for purposes of any entitlement to costs or attorney's fees.

9.  The signatories to this agreement represent that they have full authority to enter into this Memorandum of Understanding and Agreement of the Parties.

Steven T. Marshall
 *Attorney General*

───────────────────────────
James W. Davis
 *Deputy Attorney General*
William G. Parker, Jr.
 *Assistant Attorney General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130

**Counsel for the Defendants**

───────────────────────────
Paul M. Sherman
Samuel B. Gedge
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203

David I. Schoen (ASB-0860-O42D)
DAVID I SCHOEN, ATTORNEY AT LAW
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
Telephone: (334) 395-6611

**Counsel for the Plaintiffs**

## Certificate of Service

I certify that on April 14, 2017, I filed this document electronically using the Court's CM/ECF system, which will effect service on all counsel of record.

_____
*__Counsel for the Plaintiffs__*